UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:21-cv-16-SCB-AAS

Sydni Shearer

    Plaintiff,

v.

Etairos Health, Inc., d/b/a Utopia Home Care

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

Plaintiff, SYDNI SHEARER ("Ms. Shearer" or "Plaintiff") pursuant to *Fed. R. Civ. P. 55(b)(2)*, *M.D. Fla. L.R 1.10(c)* and *D.E. 13*, hereby moves this Court to enter a Final Default Judgment against Defendant, ETAIROS HEALTH, INC., ("Etairos") (hereinafter referred to as "Defendant"), as follows:

1. On January 4, 2021, Plaintiff filed her Complaint for Damages and Demand for Jury Trial against Defendant Etairos. *D.E. 1*.

2. Plaintiff's Complaint alleges one (1) count against Defendant for Federal Overtime Violations. *Id.*

3. Defendant was served with the Complaint and summons on January 6, 2021. *D.E. 7*. Accordingly, the deadline for Defendant to respond to the Plaintiff's Complaint expired on January 27, 2021. *Id.*

4. On January 26, 2021, Defendant's Corporate Human Resources Manager – Julie A. Neisinger ("Ms. Neisinger") – contacted the undersigned law firm regarding Plaintiff's Complaint. *See Declaration of Jake Blumstein, attached hereto as Exhibit A*. Ms.

Neisinger advised the undersigned law firm that the Defendant retained legal counsel to handle the claims alleged in the Complaint. *Id.*

5. Counsel for Defendant never contacted the undersigned law firm. *Id.*

6. A clerk's default was entered against Defendant on January 29, 2021. *D.E. 13.*

7. Defendant is a home healthcare agency located in Tampa that provides domestic services to its customers' households. *See D.E. 1.*

8. Defendant employs between 1,001 and 5,000 individuals in six (6) states across the country. *D.E. 1.*

9. Plaintiff is covered under the FLSA as a domestic service employee. *See, e.g.,* <u>Switala v. Rosenstiel</u>, 2017 WL 7792713 at *4 (S.D. Fla. 2017) ("It is well-established that the FLSA applies to domestic service employees"); *see also D.E. 1 at n. 1.*

10. Defendant was vested with the authority to hire, fire and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff. *D.E. 1.*

11. Plaintiff worked for Defendant from April 14, 2020 through on or around December 18, 2020. *Id*; *see also Declaration of Sydni Shearer, attached hereto as Exhibit "B."* During this time period, Plaintiff worked as a home healthcare aide and performed a variety of domestic service work for Defendant and its customers/patients. *Exhibit B.* Defendant paid Plaintiff $13 per hour during her employment period, except for her last week of employment, when Defendant paid Plaintiff $8.56 per hour. *Id.* Defendant failed to compensate Plaintiff at the rate of time-and-a-half her regularly hourly rate for the work she performed in excess of forty (40) hours per week. *Id.* Plaintiff worked an average of five (5) hours of overtime each week of her employment with Defendant. *Id.* Accordingly,

Defendant owes Plaintiff time-and-a-half her regular hourly rate for five (5) overtime hours per week for approximately 35 weeks between April 14, 2020 and December 18, 2020. *Id.*

12. When a Defendant defaults by failing to respond to a complaint, all well-pleaded allegations are deemed admitted. *See* Omelia v. Towing America, LLC, 2017 WL 2634959 at *1 (M.D. Fla. June 19, 2017) (Bucklew, J); *see also* Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (Bucklew, J).

13. "Following the entry of a default judgment, damages may be awarded without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation, so long as all essential evidence is a matter of record." *See* Hemingway v. GA Construction Group, LLC, 2017 WL 4083188 at *1 (S.D. Fla. Aug. 4, 2017) (Scola, J.); *see also* Omelia, 2017 WL 2634959 at * 1-2 (Judge Bucklew awarding liquidated damages to an FLSA Plaintiff when the Plaintiff submitted an affidavit in support of his motion for final default judgment).

14. Plaintiff's declaration evidences the amount of overtime wages she is owed. *Exhibit "B."* Plaintiff's declaration is the best evidence of her hours worked, as her former employer, Defendant, Etairos, has failed to participate in this case. Courts have ruled that approximations of hours worked by an employee are acceptable when time records are not available or are inaccurate. *See* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); *see also* Bautista Hernandez v. Tadala's Nursery, Inc., 34 F. Supp. 3d 1229, 1242 (holding that an employee may use an approximation to ascertain damages in an FLSA case when the employer fails to produce evidence of the hours the employee worked) (Seltzer, J.).

15. Based off of a simple calculation, Plaintiff is owed overtime wage damages in the amount $3,379.20, and an additional $3,379.20 in liquidated damages, for a total amount of $6,758.40 in overtime wages.[1]  *Exhibit "B."*

16. An employer who seeks to avoid the imposition of liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See* Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987); *see also* Miller, at 1346 (Judge Bucklew explaining that employees are entitled to liquidated damages upon default in FLSA cases because the employer admits to willful violations by virtue of defaulting).  In this case, Defendant failed to carry its burden to oppose Plaintiff's entitlement to liquidated damages.  Thus, liquidated damages should be appropriately awarded.  *D.E. 13; see also* Miller, at 1346.

17. An additional element of Plaintiff's claim is the recovery of attorneys' fees and costs. *29 U.S.C. § 216(b)* authorizes the award of attorneys' fees to the prevailing plaintiff in any proceeding to enforce the provisions of the FLSA.  *See* Baker v. Fidelity Mortg. Direct Corp., 2011 WL 1560665 at *3 (M.D. Fla. April 25, 2011) (Bucklew, J).

18. Plaintiff's complaint is a proceeding brought to enforce the provisions of the FLSA. *D.E. 1.*

19. Costs recoverable under *29 U.S.C. § 216(b)* may include fees of the clerk, fees for printed or electronically recorded transcripts necessarily obtained in the case, costs for making

---

[1] Plaintiff worked for Defendant for approximately 35 weeks. *Exhibit "A."*  For her first 34 weeks, Plaintiff made $13 per hour. *Id.* During her last week, she made $8.56 per hour. Therefore, when Plaintiff made $13 per hour, her overtime rate was $19.50 per overtime hour. When Plaintiff earned $8.56 per hour, her overtime rate was $12.84 per overtime hour. Because Plaintiff worked an average of 5 overtime hours per week without receiving proper overtime compensation, she calculates her damages as follows: $19.50 x 34 weeks x 5 overtime hours per week = $3,315.00. During her last week of employment, Plaintiff calculates her overtime as follows: $12.84 x 1 x 5 overtime hours = $64.20.

copies necessarily obtained for use in the case, docket fees, costs associated with interpreter services, service of process and postage. *See* De Armas v. Miabraz, LLC, 2013 WL 4455699 at *2 (S.D. Fla. Aug. 16, 2013) (Cohn, J); *see also* Baker., 2011 WL 1560665 at *4 (Judge Bucklew awarding the filing fee and service of process fee to Plaintiff).

20. A prevailing Plaintiff's attorneys' fees in an FLSA matter is mandatory. *See* Weisel v. Singapore Joint Venture, Inc., 602 F.2d 1185, 1191 n.18 (5th Cir. 1979); Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc., 2009 WL 1117362 at *2 (S.D. Fla. April 24, 2009).

21. The initial estimate of a reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See* Baker., 2011 WL 1560665 at *3; *see also* De Armas, 2013 WL 4455699 at *1, (*citing* Ass'n of Disabled Ams. V. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006)).

22. Courts assess the reasonableness of a fee request by considering Plaintiff's hourly rate and the prevailing market rate for the pertinent area of law for similar services with lawyers of comparable skill, experience and reputation. *See* Baker., 2011 WL 1560665 at *3.

23. Sworn testimony by counsel of the hours that were spent litigating this case is significant evidence of the time required to litigate the claims. *See* Perkins v. Mobile Hous. Auth., 847 F.2d 735, 738 (11th Cir. 1988). A reduction of hours is only warranted when it appears that the time is obviously and convincingly excessive. *Id.*

24. Additionally, a prevailing party is entitled to attorneys' fees for time spent litigating an attorneys' fee award. *See* Jonas v. Stack, 758 F.2d 567, 568 (11th Cir. 1985).

25. Attached to this Motion as Exhibit "C" is the Declaration of Jordan Richards, Esq. *See Declaration of Jordan Richards, Esq. attached hereto as Exhibit "C."* The declaration

contains a certification that Mr. Richards has fully reviewed the time records that are the supporting data for the declaration and that the hours claimed are well grounded in fact and justified and that the declarant exercised billing discretion in this matter. The Declaration of Jordan Richards, Esq. reflects that Plaintiff is seeking the recovery of $360.50 in attorneys' fees for Mr. Richards' work as well as costs equating to $494.75. *See* Exhibit "C," Jordan Richards' Declaration, and Fees and Costs Ledger.

26. USA Employment Lawyers - Jordan Richards, PLLC regularly charges $350.00 per hour for the services of Mr. Richards. This is reasonable and in line with billing rates of attorneys with comparable skills, reputation and experience in the Middle District of Florida. *See* Lovett v. KS Janitorial Services, Inc., *M.D. Fla. Case No. 8:20-cv-1511* (Aug. 11, 2020) (Judge Covington holding that Mr. Richards charged a reasonable market rate for an attorney with his experience when he was billing at $350 per hour). Other federal courts have likewise approved Mr. Richards at this rate. *See, e.g.,* Conrey v. Bagel Way Kosher Way, Inc., et. al., *S.D. Fla. Case No. 18-cv-22795-DPG* (Judge Gayles awarding Mr. Richards $400 per hour in FLSA case); *see, also,* Jiminez v. Alpine Towing, Inc., et. al., *S.D. Fla. Case No. 1:19-cv-21643-KMM* (Judge Moore awarding Mr. Richards $350 per hour in FLSA case)*;* Fish v. Ely's Tire Inc., et. al., *S.D. Fla. Case No. 0:19-cv-61068-KMM* (Judge Moore awarding Mr. Richards $350 per hour in FLSA case)*;* Vanderbilt v. Boat Bottom Express, LLC, et. al., *S.D. Fla. Case No. 4:18-cv-10261-JLK* (Judge King awarding Mr. Richards $350 per hour in FLSA case)*;* Carey v. EWPB LLC, *S.D. Fla. Case No. 9:19-cv-80811-DMM* (Judge Middlebrooks approved Mr. Richards at $350.00 per hour and acknowledged that this is imminently reasonable because other courts have approved him at $400.00 per hour); Gilkerson v. Bagdad Mini Warehouse and RV Storage,

Inc., *N.D. Fla. Case No. 3:20-cv-05522-TKW-HTC* (N.D. Fla. Oct. 26, 2020) (Approving attorney's fees in FLSA settlement in which Mr. Richards billed at a rate of $350.00 per hour); *see also* Rambo & Crouse v. Global Diversified, Inc. et. al., *C.D. Ill. Case No. 4:20-cv-04212-SLD-JEH* (January 26, 2021) (Chief Judge Darrow approving Mr. Richards at $350 per hour in an FLSA case in the Central District of Illinois).

27. Attached to this Motion as Exhibit "A" is the Declaration of Jake Blumstein, Esq. *See Declaration of Jake Blumstein, Esquire, attached hereto as Exhibit "A."* The declaration contains a certification that the declarant has fully reviewed the time records that are the supporting data for the declaration and that the hours claimed are well grounded in fact and justified and that the declarant exercised billing discretion in this matter. The Declaration of Jake Blumstein, Esq. reflects that Plaintiff is seeking the recovery of $1,953.00 in attorneys' fees for Mr. Blumstein's work, which includes hours of billable work. *See Exhibit "A."*

28. Mr. Blumstein has been approved at $225 per hour by various federal judges. *See* Rambo & Crouse v. Global Diversified, Inc. et. al., *C.D. Ill. Case No. 4:20-cv-04212-SLD-JEH* (January 26, 2021) (Chief Judge Darrow approving Mr. Blumstein at $225 per hour in an FLSA case in the Central District of Illinois); *see also* Lovett v. KS Janitorial Services, Inc., *M.D. Fla. Case No. 8:20-cv-01511-VMC-CPT, at D.E. 21* (August 11, 2020) (M.D. Fla. approving Mr. Blumstein at $225.00 per hour); *see also* Patricia Nobles v. Electriduct, Inc. et al*., S.D. Fla. Case No. 0:20-cv-60899-WPD, at D.E. 48* (October 13, 2020).

29. USA Employment Lawyers - Jordan Richards, PLLC is regularly awarded $225.00 per hour for the services of an Associate Attorney. *See* Jimenez v. Alpine Towing, Inc., et. al., *S.D. Fla. Case No. 1:19-cv-21643-KMM; see also* Fish v. Ely's Tire Inc., et. al., *S.D. Fla. Case*

*No. 0:19-cv-61068-KMM; see also* Vanderbilt v. Boat Bottom Express, LLC, et. al., *S.D. Fla. 4:18-cv-10261-JLK; see also* Carey v. EWPB LLC, *S.D. Fla. Case No. 9:19-cv-80811-DMM*. This is a reasonable rate and in line with billing rates of attorneys with comparable skills and experience in the Middle District of Florida.

30. Attached to this Motion as Exhibit "D" is the Declaration of Jake Vigil, law clerk. *See Declaration of Jake Vigil, law clerk, attached hereto as Exhibit "D."* The declaration contains a certification that the declarant has fully reviewed the time records that are the supporting data for the declaration and that the hours claimed are well grounded in fact and justified and that the declarant exercised billing discretion in this matter. The Declaration of Mr. Vigil reflects that Plaintiff is seeking the recovery of $339.00 in law clerk fees for Mr. Vigil's work, which includes hours of billable work. *See* Exhibit "D," Jake Vigil's Declaration, and Fees Ledger.

31. Other courts have held that $150.00 per hour is a reasonable rate for law clerks in the Southern District of Florida. *See, e.g.,* Carruthers v. Israel, 274 F.Supp.3d 1345 (S.D. Fla. 2017) (Middlebrooks, J.) *citing* Bacon v. Stiefel Labs., Inc., 2014 WL 4825279, at *4 (S.D. Fla. 2014); Ponce v. BCA Financial Services, Inc., 2012 WL 13008156 (S.D. Fla. 2012) (Goodman, J.) ($120.00 per hour is reasonable rate for law clerk **eight years ago** in 2012).

32. Other federal courts have awarded more attorneys' fees than Plaintiff requests when seeking fees at the same procedural posture. *See* Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc., 2009 WL 1117362 at *2 (S.D. Fla. April 24, 2009) (awarding $4,865.00 in fees and costs on a default judgment).

33. By executing this Motion, counsel for Plaintiff certifies that they have fully reviewed the time records and supporting data in support of such Motion and that this Motion is well grounded in in fact and justified.  *See* Exhibit "A," Exhibit "C," Exhibit "D."

**WHEREFORE**, Plaintiff, SYDNI SHEARER, requests the entry of a Final Default Judgment in her favor and against Defendant, ETAIROS HEALTH, INC., in the total amount of $6,563.40, plus attorney's fees in the amount of $2,652.50, and $494.75 in taxable costs.

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. L.R. 3.01(g), prior to the filing of this motion, Plaintiff made efforts to confer with Defendant but has been unable to do so due to Defendants' failure to appear.  Plaintiff sent Defendant's registered agent a copy of the Clerk's Entry of Default Judgment on January 30, 2021

**Dated this 4th day of March 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**
805 E. Broward Blvd., Suite 301
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Plaintiff, Sydni Shearer*

By:  */s/ Jake Blumstein, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
jordan@jordanrichardspllsc.com
jake@jordanrichardspllc.com
melissa@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing motion was served on all parties listed below via USPS mail on March 4, 2021.

By: */s/ Jake Blumstein, Esq.*
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746

## SERVICE LIST:

Jeff Freedman
Registered Agent for Etairos Health, Inc.
13787 Belcher Rd. S. Ste 220
Largo, FL 33771