<div style="text-align:center">

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CASE NO: 8:21-cv-16-SCB-AAS**

</div>

Sydni Shearer

    Plaintiff,

v.

Etairos Health, Inc., d/b/a Utopia Home Care

    Defendant.

_____/

<div style="text-align:center">

**<u>JOINT STIPULATION OF DISMISSAL WITH PREJUDICE</u>**

</div>

Plaintiff, SYDNI SHEARER, and Defendant, ETAIROS HEALTH, INC., by and through undersigned counsel and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), hereby file this Joint Stipulation of Dismissal with Prejudice as follows:

1. On January 4, 2021, Plaintiff filed a Complaint against Defendant, alleging overtime wage violations under the Fair Labor Standards Act ("FLSA"). *See D.E. 1.*

2. Within Plaintiff's Complaint, she alleges that Defendant failed to pay her overtime wages for some of the work performed in excess of forty (40) hours per week during one (1) or more workweek. *Id. at ¶ 24.*

3. On April 1, 2021, Plaintiff filed her Verified Answers to the Court's Interrogatories without the benefit of receiving all of Defendant's time and pay records. *D.E. 23.* Plaintiff estimated that she was owed $3,120.00 in overtime

wages, and $3,120.00 in liquidated damages. *D.E. 23-1*. Plaintiff no longer alleges she is owed these amounts in light of records she obtained from Etairos.

4. On April 16, 2021, Defendant filed its Verified Summary and Answers to the Court's Interrogatories. *D.E. 25*. Defendant produced voluminous time and pay records that refuted Plaintiff's damage model and her previous damage estimates. *See id.; see also D.E. 23-1.* This led to a mediation between the parties on May 21, 2021.

5. Defendant denies any wrongdoing or liability to Plaintiff in any respect.

6. The parties have amicably and fully resolved their dispute by entry into a Settlement Agreement. Defendant has agreed to pay Plaintiff's current alleged unpaid overtime wages and liquidated damages in full, exclusive of attorneys' fees and costs.

7. Thus, Plaintiff's FLSA minimum overtime wage claims were not compromised. Plaintiff will receive 100% of her alleged unpaid overtime wages and liquidated damages from Defendant. Further, Defendant will pay Plaintiff's attorney's fees and costs, which were negotiated separately and without regard to the amounts owed to Plaintiff. Accordingly, the settlement represents an uncompromised FLSA wage claim.

8. Various courts within the Middle District of Florida have held that judicial approval of FLSA settlements is not required where there is no compromise. *Hill v. Florida Ins. Elec., Inc.*, 2007 WL 781886 at * 3 (M.D. Fla. March 13, 2007) (Presnell, J); *Youhness Bekhalfi, et. al., v. Levy World Ltd., Partnership*, Case No.:

6:15-cv-573-RBD-TBS (August 18, 2015) (Dalton, J.) (Dkt. 21 at 2) (dismissing plaintiffs' claims without conducting a fairness review because the claims were not compromised); *accord Bonetti v. Embarq Mgmt., Co.*, 715 F. Supp. 2d, 1226, n.6 (M.D. Fla. 2009) ("[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement."); *See also Su v. Electronic Arts, Inc.,* 2006 WL 4792780, at *2 (M.D. Fla. 2006) ("[w]here the employer offers the plaintiff full compensation on his FLSA claim no compromise is involved and judicial approval is not required."); *Feagans v. Americana Jax Investments, Inc., 2*008 WL 782488, *1 (M.D. Fla. 2008) ("Based on counsel's representation that Plaintiff has been fully compensated for all unpaid overtime claims without compromise including liquidated damages, this Court finds it appropriate to approve settlement and dismiss this case with prejudice.").

9. Accordingly, and pursuant to the settlement, the parties hereby stipulate and agree by the filing of this Stipulation that this civil action is DISMISSED with prejudice, each party to bear their own costs and attorneys' fees except as otherwise provided in the Stipulation.

10. SO STIPULATED.

Dated this 27th day of May 2021

Respectfully Submitted,

| USA EMPLOYMENT LAWYERS JORDAN RICHARDS, PLLC | GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, PLC |
|---|---|
| *Counsel for Plaintiff* | *Counsel for Defendant* |

<div style="columns:2">

805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 954-871-0050

By:*/s/ Jake Blumstein*
**JAKE BLUMSTEIN, ESQ.**
Fla. Bar No. 1017746
**JORDAN RICHARDS, ESQ.**
Fla. Bar No. 108372
*jordan@jordanrichardspllc.com*
*melissa@jordanrichardspllc.com*
*jake@jordanrichardspllc.com*

400 N. Ashley Dr. Suite 1000
Tampa, Florida 33602
Tel: (813) 977-1200

*/s David T. Burr*
**DAVID BURR, ESQ.**
Fla Bar No. 0117022
*ageorge@gallowaylawfirm.com*
*dburr@gallowaylawfirm.com*
*tampaservice@gallowaylawfirm.com*

</div>